# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAWN ROCHETTE,**

    **Plaintiff,**

**v.**                                                        **Case No: 6:13-cv-1514-Orl-31GJK**

**ORLANDO HEALTH, INC.,**

    **Defendant.**

## ORDER

On September 30, 2013, Plaintiff filed her Complaint, alleging that the Defendant, Orlando Health, Inc. (henceforth, "Orlando Health") failed to provide properly qualified American Sign Language interpreters during her son's stay at a hospital operated by the Defendant. (Doc. 1). Rochette asserted that the lack of effective communication led to a misdiagnosis of her son's psychiatric condition, resulting in improper treatment and, as a result, an attempt by him to commit suicide. She alleges that the Defendant's actions violated the Rehabilitation Act (Count I) and the Americans with Disability Act (Count II). Defendant has filed a Motion to Dismiss for failure to state a viable claim pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. 7) and Plaintiff has filed a response (Doc. 12).

The Defendant argues that, because Rochette is seeking damages resulting from a misdiagnosis, her claims are actually for medical malpractice. Under Florida law, medical malpractice claims are subject to presuit notification requirements, Fla. Stat. § 766.203, with

which Rochette has not complied.[1]  In response, Plaintiff denies that she is asserting a claim for medical malpractice.

A review of the Complaint demonstrates that the Plaintiff is correct.  She has not alleged that the damages arose from the improper application of medical services or a failure of professional judgment or skill on the part of a physician, as would be required to sustain a medical malpractice claim.  (Doc. 12 at 3).  *See Scalf v. Hidalgo*, 2012 WL 292617 (M.D.Fla. Jan. 31, 2012) (finding that state law negligence claim asserted by prisoner was not medical negligence claim and therefore not subject to presuit notice requirement, because claim was not "directly related to the improper application of medical services and the use of professional judgment or skill" and citing cases).  Fairly read, Rochette alleges that the doctors lacked the information needed to make a proper diagnosis, not that the doctors made an error of judgment.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 5, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] The Defendant also asserts that "the fact that Plaintiffs [sic] are seeking damages pursuant to federal laws, where the district court has jurisdiction over such claims, does not excuse the requirement that Plaintiffs meet the Florida law presuit requirements when seeking damages related to medical negligence." (Doc. 7 at 4-5).  The Defendant does not cite to any cases allegedly standing for this proposition or identify any instances where a state legislature has successfully engrafted a notice requirement onto federal law.